## Pérez v. Taboada.

Apelación procedente de la Corte de Distrito de Ponce.

No. 696.—Resuelto en junio 3, 1911.

Costas—Honorarios de Abogados—Discreción del Tribunal Sentenciador.—
Cuando un demandante entabla una acción y obtiene sentencia en rebeldía
contra el demandado, la cual se deja sin efecto a virtud de moción y declara-
ción jurada presentada por éste, y al ser contestada la demanda el demandante
desiste de su acción, el tribunal puede, en el ejercicio de una sana discreción
judicial, al fijarse las costas impuestas por la sentencia de desestimación, im-
poner honorarios de abogados, y este tribunal en apelación resolvió que la can-
tidad impuesta de $75 no era excesiva.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. Francisco Giménez.

Abogado del apelado: Sr. José A. Poventud.

El Juez Asociado, Sr. Wolf, emitió la opinión del tribunal.

Al imponer la Corte de Distrito de Ponce las costas a car-
go del demandante y apelante, concedió al abogado del ape-
lado la suma de $75 por honorarios. La primer cuestión que
surge, es si debieron haberse concedido en tal procedimiento
los expresados honorarios, con arreglo a la ley de marzo 12
de 1908; leyes de aquel año, páginas 50 y 51.

La demanda que se presentó fué por libelo; el demandado
formuló excepciones previas a la misma, que fueron desesti-
madas sin permiso para hacer enmiendas. Se anotó la rebel-
día del demandado, la que quedó sin efecto por moción que se
hizo acompañada de declaraciones juradas, presentando en-
tonces su contestación el demandado. Posteriormente el de-
mandante desistió de la acción, registrándose a instancia del
demandado una sentencia de sobreseimiento con las costas a
cargo del demandante.

El artículo 329 del Código de Enjuiciamiento Civil según
ha sido enmendado por la ley de 1908, a que se ha hecho refe-
rencia, concede costas después de dictarse cualquier senten-
cia definitiva o decisión, y el artículo 327 determina que en

todos los casos en que se concedan costas deberán pagarse los honorarios del abogado de la parte contraria, si la cantidad en cuestión excede de quinientos dollars ($500). Este fué un procedimiento en que se concedían costas, la suma en cuestión era mayor de quinientos dollars ($500), hubo una sentencia por costas, quedando terminado el pleito, por lo que creemos que podían concederse honorarios según la discreción del juez, teniendo en cuenta, sin embargo, el grado de culpa de la parte vencida.

El apelante obligó al apelado a tener que buscar un abogado y al hacer que se anotara la rebeldía, ocasionó un trabajo extraordinario a dicho abogado, abandonando después el pleito. La corte tenía derecho a tomar en consideración ese trabajo así como el hecho de que cuando se presentó la contestación, el demandante eligió desistir de la acción, poniendo al demandado en el caso de tener que defenderse de un segundo pleito que pudiera establecerse, o de comenzar el primero indebidamente. Era cuestión de la sana discreción de la corte, y no vemos motivo para intervenir en el ejercicio de dicha discreción. Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, del Toro y Aldrey.